There is no complaint that the decree was for too much, but the plaintiff seeks to reverse it, on what is here emphatically a strictly technical objection. I am satisfied it ought not to be allowed. The plaintiff comes too late. He knew, or might have known the chancellor's interest, as well before as after the entry of the decree. The defendants are therefore entitled to judgment on the demurrer.

---

## THE ORPHAN ASYLUM v. PETER MC CARTEE.

*Negotiations between the parties are not sufficient to excuse a default in the regular proceedings of the court, without the express agreement of parties.*

1824.
March 26.

*Practice.*
*Agreement.*

THE point here decided, was the same as in Norton v. Kosboth, supra. A special agreement had here been made, tending towards an adjustment, but had proved ineffectual ; and the complainants now moved to dismiss their own bill with costs, which the defendant opposed.

THE COURT. The general rule is so. Until the defendant has acquired rights, by proceedings showing that he will have something to receive or claim, he can ask no more than the dismission of the bill with costs.

As to voluntary agreements of parties for arbitrations and compromises, they can not be regarded by this court, even to excuse a default. A suit is a known course of proceedings, governed by fixed rules. If the parties depart from these, it must be at their own risk. To intermix proceedings under the law and practice of the court, with volun-

tary and extrajudicial agreements, would produce confu-   1824.
sion and embarrassment.

Motion granted.